IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES R. CARNEY,<br><br>    Plaintiff,<br><br>v.<br><br>TRINITY OPERATING (USG), LLC,<br>a limited liability company,<br><br>and<br><br>The unknown successors of the<br>following deceased persons:<br>ALLEN CARNEY,<br>1/2 Blood Choctaw, Roll No. 13755;<br>ALBERT CARNEY, also known as<br>ALBERT O. CARNEY,<br>7/8 Blood Choctaw, Roll No. 12464,<br><br>    Defendants. | Case No. 23-cv-291-RAW-DES |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Motion to Remand Case to District Court of Pittsburg County, Oklahoma (Docket No. 12) and Defendant's Motion to Withdraw Notice of Removal (Docket No. 16). On September 28, 2023, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 15). For the reasons set forth below, the undersigned Magistrate Judge recommends Plaintiff's Motion to Remand and Defendant's Motion to Withdraw Notice of Removal should be GRANTED, and this case should be remanded to State Court for further proceedings.

On September 5, 2023, Defendant, Trinity Operating (USG), LLC ("Defendant"), filed a Notice of Removal from Pittsburg County District Court based on 28 U.S.C. § 1332, diversity

jurisdiction. Defendant alleges that Plaintiff is a citizen of Colorado and Defendant is a limited liability company formed under the laws of the State of Delaware with its principal place of business in Houston, Texas. (Docket No. 2 at 3). On September 25, 2023, Plaintiff, James R. Carney ("Plaintiff"), filed his Motion to Remand Case to The District Court of Pittsburg County, Oklahoma, arguing that there is no diversity jurisdiction because Plaintiff is a citizen of the State of Texas, which is the same State that Defendant has its principal place of business. (Docket No. 12 at 2).

Diversity jurisdiction only exists if no plaintiff and no defendant are citizens of the same state. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A corporation is deemed a citizen of both the State of incorporation and of the State where it has its principal place of business. 28 U.S.C. §1332 (c)(1). Since Plaintiff is a citizen of the State of Texas and Defendant is deemed a citizen of the State of Texas because its principal place of business is in Texas, there is no diversity jurisdiction. Defendant has since acknowledged this fact by filing its Motion to Withdraw its Notice of Removal, in which Defendant states it has no information to contradict the claim that Plaintiff is a resident of the State of Texas, therefore "it would appear that complete diversity of citizenship does not exist in this case." (Docket No. 16 at 1).

Based on the fact and the agreement of the parties that complete diversity of citizenship does not exist, the undersigned Magistrate Judge recommends both Plaintiff's Motion to Remand (Docket No. 12) and Defendant's Motion to Withdraw Notice of Removal (Docket No. 16) be granted, and this case be remanded to the District Court of Pittsburg County, Oklahoma for further proceedings.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 26th day of October, 2023.

_____
D. Edward Snow
United States Magistrate Judge